```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 108
DATE FILED: 07/03/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Gaelle Morisseau,<br><br>         Plaintiff,<br><br>-against-<br><br>Global A Brands, Inc., et al.,<br><br>         Defendants. | 1:23-cv-05679 (JAV) (SDA)<br><br>**REPORT AND RECOMMENDATION** |

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

**TO THE HONORABLE JEANNETTE A. VARGAS, UNITED STATES DISTRICT JUDGE:**

**INTRODUCTION**

On January 15, 2025, Plaintiff Gaelle Morisseau ("Plaintiff") filed a motion for a default judgment against Defendants Global A Brands, Inc. ("Global") and Tim Alford ("Alford") (collectively, the "Defendants"). (Pl.'s 1/15/25 Mot., ECF No. 85.) On April 22, 2025, District Judge Vargas held a hearing during which she ruled on the motion. (*See* 4/22/25 Tr., ECF No. 99, at 4.)

At the April 22 hearing, Judge Vargas ruled that Plaintiff satisfied the elements required to prove her unpaid overtime and minimum wage claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") (*id*. at 11);[1] that Plaintiff had sufficiently alleged that Plaintiff was an employee of both Global and Alford (*id*. at 13); that

---

[1] Following a default, the Court must accept all the well-pleaded factual allegations in the Complaint as true, except those relating to damages. *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). If the well-pleaded allegations establish the defaulting party's liability, the only remaining issue is whether the plaintiff has provided adequate support for its requested relief. *See Gucci Am., Inc. v. Tyrrell-Miller*, 678 F. Supp. 2d 117, 119 (S.D.N.Y. 2008) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)).

Plaintiff was owed $3,501.32 for 68 hours of unpaid overtime (*id*. at 15); that Plaintiff was owed $1,785.16 in unused accrued vacation time (*id*. at 15-16); that Defendants had failed to pay Plaintiff for 9 weeks of work (*id*. at 16); that Plaintiff had sufficiently alleged a violation of the "prompt payment requirement" of the NYLL and FLSA (*id*. at 17-18); and that Plaintiff had sufficiently alleged that Defendants violated the NYLL by failing to issue pay stubs and a wage notice. (*Id*. at 18-19.) Judge Vargas then referred this case to the undersigned to conduct an inquest with respect to the appropriate amount of damages, including attorneys' fees. (*Id*. at 19; see also Am. Order of Ref., ECF No. 95.)

On April 24, 2025, the undersigned entered an Order requiring Plaintiff, among other things, to file a supplemental submission addressing Plaintiff's request for attorneys' fees. (4/24/25 Order, ECF No. 96, ¶¶ 1-2.) The Order advised the parties that it may conduct this inquest based solely on the written submissions of the parties. (*Id*. ¶ 5 (citing cases).) On June 17, 2025, in lieu of filing a supplemental submission, Plaintiff filed a motion for attorneys' fees and costs. (Pl.'s 6/17/25 Mot., ECF No. 103.)

For the reasons set forth below, it is respectfully recommended that Plaintiff's motion filed at ECF No. 85 be GRANTED and Plaintiff's motion filed at ECF No. 103 be GRANTED IN PART and DENIED IN PART, and that the Court enter a default judgment against Defendants as set forth in the Conclusion below.

## DISCUSSION

### I.  Damages To Be Awarded

Based upon Judge Vargas's findings set forth above, it is recommended that Plaintiff recover the following damages, as requested by Plaintiff in her memorandum of law in support

2

of her motion for default judgment (Pl.'s 1/15/25 Mem., ECF No. 86, at 16-24), and as set forth below.

A.  **Unpaid Wages**

Based upon Judge Vargas's findings (4/22/25 Tr. at 16), and based on an annual salary of $71,400.00 (*see* Morisseau Decl., ECF No. 86-1, ¶ 7), Plaintiff is owed $12,358.00 for the 9 weeks of work for which she was not paid (*i.e.*, ($71,400 ÷ 52 weeks in year) X 9 weeks).

B.  **Accrued Vacation Time**

As found by Judge Vargas, Plaintiff is owed $1,785.16 in unused accrued vacation time. (4/22/25 Tr. at 15-16.)

C.  **Overtime**

As found by Judge Vargas, Plaintiff is owed $3,501.32 for 68 hours of unpaid overtime (4/22/25 Tr. at 15.)

D.  **Failure to Provide Notices And Wage Statements Under NYLL**

Judge Vargas previously found that Plaintiff had sufficiently alleged that Defendants violated the NYLL by failing to issue pay stubs and a wage notice.[2] (4/22/25 Tr. at 18.) An employer's failure to comply with the relevant provisions of the NYLL makes the employer liable for damages for each instance that the violations occurred or continued to occur. *See* NYLL §

---

[2] The Wage Theft Prevention Act requires employers to provide annual wage notices to employees hired after April 9, 2011, and to provide each employee with accurate wage statements each time wages are paid. *See* NYLL §§ 195(1)(a), 195(3). Section 195(1) requires an employer to provide employees a notice at the time of hiring, containing, among other things, "the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; [and] allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances . . .." NYLL § 195(1)(a). Section 195(3) requires that employers provide employees with certain wage statement information "with every payment of wages[.]" NYLL § 195(3).

198(1-b) (stating that damages for wage notice violations under § 195(1) accumulate at rate of $50 per day, but not to exceed $5,000); § 198(1-d) (stating that damages for wage statement violations under § 195(3) accumulate at rate of $250 per day but may not exceed $5,000). Since Plaintiff worked over 100 days (Compl., ECF No. 1, ¶ 1), Plaintiff is entitled to the maximum $5,000.00 for each of the two statutory violations, for a total of $10,000.00.

### E. Liquidated Damages

Plaintiff is entitled to liquidated damages under both the FLSA and the NYLL, but not both. *See Rana v. Islam*, 887 F.3d 118, 123 (2d Cir. 2018). The NYLL entitles Plaintiff to liquidated damages. NYLL §§ 198(1-a), 663(1). Under the NYLL, employees may recover "liquidated damages equal to one hundred percent of the total amount of the wages found to be due[.]" NYLL § 198(1-a). "Thus, the amount of liquidated damages available to Plaintiffs is capped at the amount of wages to which they were entitled but which they were not paid (either because no payment was made at all or because it was made late)." *Bemejo v. Shaker Contractors, Corp.*, No. 22-CV-01427 (JPC), 2022 WL 17251667, at *5 (S.D.N.Y. Nov. 28, 2022). In the present case, Plaintiff is entitled to liquidated damages of $12,358.00 for unpaid wages, $1,785.16 for unused accrued vacation time and $3,501.32 for unpaid overtime.

With respect to late wage payments, a clerical worker like Plaintiff is to be made not less frequently than semi-monthly. NYLL § 191(d). Courts have found that liquidated damages are recoverable for a violation of this statutory provision. *See Zachary v. BG Retail, LLC*, 716 F. Supp. 3d 339, 347 (S.D.N.Y. 2024); *Rankine v. Levi Strauss & Co.*, 674 F. Supp. 3d 57, 65 (S.D.N.Y. 2023). As Judge Vargas previously found, Defendants "were untimely and sporadic in paying the [P]laintiff." (4/22/25 Tr. at 18.) In her memorandum in support of her default judgment motion,

4

Plaintiff seeks to recover liquidated damages of one half of the wages due to her on the premise that "her pay would have been late half of the time." (Pl.'s 1/15/25 Mem. at 24.) Based upon the Court's review of Plaintiff's declaration, the Court is satisfied that Plaintiff has shown that she was paid late at least half of the time. Thus, "using the 'year to date' amount from the December 2021 pay stub of $27,695.23," as Plaintiff requests (*see id*.), Plaintiff is entitled to liquidated damages in the amount of $13,848.00 for late payment of wages.

Accordingly, the total amount of liquidated damages due to Plaintiff is $31,492.48 (*i.e.*, $12,358.00 for unpaid wages, $1,785.16 for unused accrued vacation time and $3,501.32 for unpaid overtime and $13,848.00 for late payment of wages).

## II.     Attorneys' Fees And Costs

In her motion, Plaintiff seeks an award of $54,618.00 of fees plus costs of $1,086.58. (Pl.'s 6/17/25 Mot. at 2.) Under the FLSA and NYLL, a prevailing party is entitled to recover reasonable attorneys' fees and costs. *See* 29 U.S.C. § 216(b); NYLL §§ 198(1-a), 663. "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983).

While a district court retains discretion to determine what constitutes a reasonable fee, "this discretion is not unfettered." *Millea v. Metro-North R.R. Co*., 658 F.3d 154, 166 (2d Cir. 2011). "[W]hen a prevailing party is entitled to attorneys' fees, the district court must abide by the procedural requirements for calculating those fees articulated by [the Second Circuit] and the Supreme Court." *Id*. "Both [the Second Circuit] and the Supreme Court have held that the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a 'presumptively reasonable fee.'" *Id*. (citations omitted). This approach is

5

intended to "produce[] an award that roughly approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010) (citations and emphasis omitted); *see also Bergerson v. N.Y. State Off. of Mental Health*, 652 F.3d 277, 289-90 (2d Cir. 2011) ("The reasonable hourly rate should be what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively.") (internal quotation marks and citations omitted).

### A.  **Reasonable Hourly Rates**

Plaintiff seeks an hourly rate of $450.00[3] for attorney Penn Dodson ("Attorney Dodson"). (*See* Pl.'s 6/26/25 Chart, ECF No. 107-1.) Taking into account Attorney Dodson's background and experience, as well as the so-called *Johnson* factors,[4] the Court finds that $450.00 is a reasonable hourly rate for Attorney Dodson's work in this case, and declines to award a higher amount for the 4.4 hours billed after January 1, 2025. *See Leo v. Province Therapeutics, LLC*, No. 23-CV-05418 (NJC) (JMW), 2024 WL 2923574, at *2-4 (E.D.N.Y. May 24, 2024), *report and recommendation adopted*, 2024 WL 2891798 (E.D.N.Y. June 10, 2024) (awarding Attorney Dodson $450.00 hourly rate). For Attorney Dodson's travel time, the Court finds that the requested hourly rate of $200.00 to be reasonable. *See Vicente v. Ljubica Contractors LLC*, No. 18-CV-00419 (VSB) (OTW), 2019 WL 2137001, at *5 (S.D.N.Y. May 16, 2019) ("[i]n this District, attorney travel time is

---

[3] For the hours spent after January 1, 2025, Plaintiff seeks $475.00 per hour for Dodson's time. (Dodson Decl., ECF No. 103-1, ¶ 13.)

[4] *See Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

6

generally compensated at 50% of the attorney's reasonable billing rate") (citing *Siegel v. Bloomberg L.P.*, No. 13-CV-01351 (DF), 2016 WL 1211849, at *7 (S.D.N.Y. Mar. 22, 2016)).[5]

Five paralegals performed work on this case, for which Plaintiff seeks the following hourly rates for their paralegal-related work: Callyn Carter ("Carter"), $150.00; Jeremiah Smiles ("Smiles"), $125.00; Jess Velez ("Velez"), $195.00; Jessica Balint ("Balint"), $175.00 (increasing to $195.00 as of July 3, 2023); and Lucy Espinal ("Espinal"), $195.00.[6] (*See* Pl.'s 6/26/25 Chart; Hours Log, ECF No. 103-2, at PDF p. 1.) With respect to Velez and Balint, the Court finds Magistrate Judge Wicks's analysis in *Leo* to be sound and adopts the hourly rates he awarded for them, as follows: Velez, $125.00, and Balint, $150.00. *See Leo*, 2024 WL 2923574, at *3. For Carter, the Court finds that $100.00 is a reasonable hourly rate.[7] *See Inga v. Nesama Food Corp.*, No. 20-CV-0909 (ALC) (SLC), 2021 WL 3624666, at *14 (S.D.N.Y. July 30, 2021) ("Hourly rates for paralegals of $100 to $150 per hour are typical for awards in this District." (citing cases)), *report and recommendation adopted*, 2021 WL 3617191 (S.D.N.Y. Aug. 16, 2021). Because Espinal has over 25 years of paralegal experience (*see* Dodson Decl. ¶ 17), applying the relevant factors, the Court

---

[5] The Court declines to award fees to Plaintiff for the one-tenth of an hour that Attorney Dodson billed for document review. (*See* 6/26/25 Chart.)

[6] Plaintiff seeks $45.00 per hour for the administrative tasks performed by Carter, Smiles and Balint, which the Court finds to be reasonable. *See Leo*, 2024 WL 2923574, at *4 (applying $45.00 hourly rate for administrative tasks).

[7] The Court notes that, in *Leo*, the plaintiff only sought to recover $95.00 per hour for Carter, which the Court awarded in 2024. *See Leo*, 2024 WL 2923574, at *3. In addition, the Court notes that, in 2023, Magistrate Judge Netburn awarded $100.00 per hour for Carter. *See Montalvo v. Paul Bar & Rest. Corp.*, No. 22-CV-01423 (JLR) (SN), 2023 WL 6519717, at *10 (S.D.N.Y. Aug. 11, 2023), *report and recommendation adopted as modified*, 2023 WL 5928361 (S.D.N.Y. Sept. 13, 2023).

finds an hourly rate for her of $175.00 (as opposed to the $195.00 sought) to be reasonable, which is $25.00 per hour more than the rate assigned to Balint, a paralegal with less experience.[8]

The Court finds that the $195.00 hourly rate sought for William Castelli ("Castelli"), a 2023 law school graduate who performed work as a law clerk (*see* Dodson Decl. ¶ 14), should be reduced to $150.00, that is, the rate of Balint. *See Pinheiro v. Interior Mogul LLC*, No. 22-CV-09856 (JHR) (RWL), 2024 WL 4716346, at *11 (S.D.N.Y. Aug. 28, 2024) (applying same hourly rate for paralegal and law clerk).

Finally, the Court finds that the reasonable hourly rate for Brissa Chavez ("Chavez"), for the 2.1 hours she spent in connection with client intake, to be $50.00. *See Montalvo*, 2023 WL 6519717, at *10 (awarding $50.00 per hour for client relations specialist).

### B. Reasonable Hours Expended

Plaintiff submitted a log setting forth the hours worked on this case. (*See* Hours Log.) The Court finds the hours billed to be reasonable (excluding the 0.4 hour in paralegal time billed by Smiles and the 0.1 hour in document review time billed by Dodson), with one exception discussed later in this section.

This case had many twists and turns, as set forth by Plaintiff in her motion for attorneys' fees. (Pl.'s 6/17/25 Mot. at 8-10.) In summary, this case was commenced on July 1, 2023. (*See* Compl.) Defendants initially had been represented by McCarter & English ("M&E"), but M&E later withdrew. (9/5/24 Order, ECF No. 71.) A settlement agreement had been reached and counsel

---

[8] Plaintiff has failed to provide biographical information for Smiles. (*See* Dodson Decl. at pp. 3-4 (not listing Smiles under heading "Other Team Members' Background and Qualifications").) Thus, the Court cannot determine a reasonable hourly rate for him, and declines to award any fees for the *de minimis* paralegal time recorded by him, *i.e.*, 0.4 hours. (*See* Pl.'s 6/26/25 Chart.)

8

prepared a draft settlement agreement, but Defendants' counsel ran into issues with one of the Defendants and the agreement was not signed. (Pl.'s 6/17/25 Mot. at 9.) At a subsequent settlement conference, an agreement was reached. (*Id.*) The Court thereafter approved the settlement and closed the case. (*Id.*) After Defendants did not follow the terms of the settlement agreement, the case was reopened. (*Id.*) Plaintiffs' counsel then served discovery requests, but those never were answered. (*Id.*) Defendants later were held in default. (*Id.*) In view of all of this activity, and based upon the Court's review of Plaintiffs' counsel's time records, the Court finds the number of hours billed (with the exceptions noted above in footnotes 5 and 8, and in the paragraph below) to be reasonable.

The Court finds that certain hours billed by Balint, Espinal and Velez are not reasonable. First, there are five entries where Balint recorded a total of 1.3 hours listing under the "Activity category" the words "Check Status," and there are twenty entries where Balint recorded a total of 6.6 hours under the "Activity category" "Periodic Case Review," including some where there is no indication of specific work done in the "Description" column. (*See* Hours Log at 1-2, 6-8.) The Court finds that it is not reasonable for a paralegal to bill time for periodically checking the status of a case or otherwise reviewing the status of a case, at a paralegal's hourly rate, rather than at an administrative hourly rate. Second, there are entries where Balint recorded 9.4 hours, Espinal recorded 3.9 hours and Velez recorded 0.3 hours for calendaring tasks. (*See* Hours Log at 1, 3-10, 12-17.) Calendaring tasks are administrative in nature and should be billed at an administrative rate, not a paralegal rate. There also are entries where Balint recorded tasks labelled as "Admin" (for a total of 2.2 hours) at a paralegal hourly rate. (*See* Hours Log at 3, 5, 10, 11.) Thus, for the

work addressed in this paragraph, the Court will credit Plaintiff with 23.7 hours of time for these tasks at the administrative hourly rate, rather than the paralegals' hourly rates.

Accordingly, based upon the reasonable hourly rates set forth above, Plaintiff is entitled to recover attorneys' fees, as set forth in the table below:

| **Timekeeper** | **Role** | **Hourly Rate** | **Hours Billed** | **Total** |
|---|---|---|---|---|
| Atty. Dodson | Partner | $450.00 | 27.7 | $12,465.00 |
| Atty. Dodson Travel | | $200.00 | 2.5 | 500.00 |
| Chavez | Specialist | $ 50.00 | 2.1 | 105.00 |
| Carter | Paralegal | $100.00 | 0.8 | 80.00 |
| Velez | Paralegal | $125.00 | 5.0 | 625.00 |
| Balint | Paralegal | $150.00 | 71.4 | 10,710.00 |
| Espinal | Paralegal | $175.00 | 42.2 | 7,385.00 |
| Castelli | Law Clerk | $150.00 | 66.5 | 9,975.00 |
| Administrative | | $ 45.00 | 34.5 | 1,552.50 |
| TOTAL | | | | **$43,397.50** |

### C. Costs

Plaintiff seeks recovery of costs in the amount of in the amount of $1,086.58. (Pl.'s 6/17/25 Mot. at 13-14.) Pursuant to the NYLL, an employee who prevails in a wage-and-hour action is entitled to recover costs. NYLL § 663(1). The Court finds the court filing fee, service of process fees, postage, shipping expenses, court reporting fees and modest bus and subway fares that are reflected in the documents filed with the Court (*see* ECF Nos. 103-3 and 103-6 to 103-

13), in the amount of $1,086.58, to be reasonable. Accordingly, the Court finds that Plaintiff should recover $1,086.58 in costs.

### III. Post-Judgment Interest

Plaintiff also seeks post-judgment interest. (*See* Pl.'s 1/15/25 Mem. at 15-16.) The applicable federal statute, 28 U.S.C. § 1961, provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court . . . calculated from the date of entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding . . . the date of the judgment." 28 U.S.C. § 1961(a). The Second Circuit has explained that an award of post-judgment interest is mandatory. *See Schipani v. McLeod*, 541 F.3d 158, 165 (2d Cir. 2008). Given the mandatory nature of post-judgment interest, it is respectfully recommended that Plaintiff be awarded post-judgment interest in an amount consistent with 28 U.S.C. § 1961.

### CONCLUSION

For the foregoing reasons, it is respectfully recommended that that Plaintiff's motion filed at ECF No. 85 be GRANTED and Plaintiff's motion filed at ECF No. 103 be GRANTED IN PART and DENIED IN PART, and that the Court enter judgment in favor of Plaintiff against Defendants, jointly and severally, in the amount of $59,136.96 (consisting of $12,358.00 in unpaid wages; $1,785.16 in unused accrued vacation time; $3,501.32 in unpaid overtime; $10,000.00 for failure to provide notices and wage statements; and $31,492.48 in liquidated damages). It is further recommended that Plaintiff be awarded $43,397.50 in attorneys' fees and $1,086.58 in costs, as well as post-judgment interest.

No later than July 7, 2025, Plaintiff's counsel shall mail copies of this Report and Recommendation to Defendants and file proof of service to the ECF docket.

Dated:    New York, New York
        July 3, 2025

_____
**STEWART D. AARON
United States Magistrate Judge**

\*          \*          \*

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Vargas.

**THE FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); *Thomas v. Arn,* 474 U.S. 140 (1985).